IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

DeANDRE TAHARKA DAVID WILLIAMS,

               Plaintiff,        Civil Action No.
  v.                                      9:05-CV-1567 (LEK/DEP)

MR. GOORD, *et al.*,

               Defendants.

---

APPEARANCES:                     OF COUNSEL:

FOR PLAINTIFF:

DeANDRE TAHARKA
 DAVID WILLIAMS, *pro se*

FOR DEFENDANTS:

HON. ANDREW M. CUOMO        STEPHEN M. KERWIN
Attorney General of             Assistant Attorney General
the State of New York
The Capitol
Albany, NY 12224

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

REPORT AND RECOMMENDATION

    Plaintiff DeAndre Taharka David Williams, a New York State prison

inmate who is proceeding *pro se* and *in forma pauperis*, has commenced

this action pursuant to 42 U.S.C. 1983 alleging deprivation of his civil rights. In his response to plaintiff's complaint, defendants seek its conditional dismissal under 28 U.S.C. § 1915(g), absent plaintiff's pre-payment in full of the applicable filing fee, in light of the prior dismissal of three or more such inmate civil rights actions brought by him, but found to be lacking in palpable merit. Because I agree that plaintiff is subject to the three strikes provision of section 1915(g), and has not established a basis to invoke the imminent danger exception to that rule, I recommend that defendants' motion be granted.

I.      BACKGROUND

Plaintiff is, and was at the times relevant to the constitutional claims raised in this action, a prison inmate entrusted to the custody of the New York State Department of Correctional Services ("DOCS"), and confined within the Upstate Correctional Facility ("Upstate"), located in Malone, New York. *See generally* Complaint (Dkt. No. 1). In his complaint, which is multi-faceted, plaintiff alleges principally that while confined at Upstate he was denied adequate medical treatment for a recurring knee injury, and additionally asserts that the defendants have 1) tampered with his food; 2) generally discriminated against him on the basis of his race; 3)

filed false misbehavior reports against him; 4) unlawfully interfered with his access to the courts; and 5) committed acts of unlawful retaliation. *See id.*

In reply to a specific inquiry on the form civil rights complaint utilized by the plaintiff to initiate this action, requesting information regarding previous lawsuits, plaintiff identified only one other action filed by him in any state or federal court relating to the terms of his confinement.[1] *See* Complaint (Dkt. No. 1) § 5.  That response, however, is flatly contradicted by publicly available information which reveals that at the time of commencement of this suit, plaintiff had initiated at least eight other civil rights actions in this district alone, dating back to 1995, while a DOCS inmate.  *See* Kerwin Decl. (Dkt. No. 28) ¶ 5.  Court records also reflect the commencement by Williams of ten separate proceedings, variously described as habeas corpus proceedings and civil rights actions, in the Southern District of New York, including as early as 1992.  *Id.* ¶ 6.  The following represents a listing of plaintiff's prior known habeas corpus petitions and civil rights actions filed while confined as a prison inmate:

---

[1]   When signing his complaint, plaintiff attested to the truth of its contents under penalty of perjury.  *See* Complaint (Dkt. No. 1) at 6.

3

A.   Northern District of New York

1) *Williams v. Brian D., et. al.,* Civil Action No. 95-CV-1800 (Civil Rights Action filed here, but later transferred to the Western District of New York, and assigned Civil Action No. 96-CV-6067).

2) *Williams v. Wilber, et al.,* Civil Action No. 95-CV-1801 (Civil Rights Action filed here, but later transferred to the Western District of New York and assigned Civil Action No. 96-CV-6077).

3) *Williams v. Morse, et al.*, No. 95-CV-1859 (Civil Rights Action filed here, but later transferred to the Western District of New York, and assigned Civil Action. No. 96-CV-6083).

4) *Williams v. Smith, et al.*, No. 96-CV-2034 (Civil Rights Action)

5) *Williams, et al. v. Senkowski, et al.*, Civil Action No. 00-CV-1580 (Civil Rights Action)

6) *Williams v. Fox, et al.*, Civil Action No. 01-CV-0300 (Civil Rights Action)

7) *Williams v. Ricks, et al.*, Civil Action No. 03-CV-0684 (Civil Rights Action)

8) *Williams v. Goord, et al.*, Civil Action No. 05-CV-0062 (Civil Rights Action)

B.   Southern District of New York

1) *Williams v. New York State Department of Health, et al.*, Civil Action No. 92-CV-9319 (Habeas Corpus Proceeding)

2) *Williams v. New York State Department of Correctional Services, Inc., et al.*, No. 93-CV-2988 (Habeas Corpus Proceeding)

3) *Williams v. Zambelli*, Civil Action No. 99-CV-12160 (Civil Rights Action)

4) *Williams v. Westchester County, et al.*, Civil Action No. 00-CV-1834 (Habeas Corpus Proceeding)

5) *Williams v. Senkowski*, Civil Action No. 00-CV-1835 (Habeas Corpus Proceeding)

6) *Williams v. Senkowski*, Civil Action No. 01-CV-9995 (Habeas Corpus Proceeding)

7) *Williams v. Zambelli, et al.*, Civil Action No. 03-CV-3152 (Civil Rights Action)

8) *Williams v. Prisco*, Civil Action No. 03-CV-8158 (Civil Rights Action)

9) *Williams v. Woods*, Civil Action No. 05-CV-3256 (Habeas Corpus Proceeding)

10) *Williams v. Woods, et al.*, Civil Action No. 05-CV-3280 (Habeas Corpus Proceeding)

II.   PROCEDURAL HISTORY

Plaintiff commenced this action on December 15, 2005 and was thereafter granted leave to proceed *in forma pauperis* ("IFP").  Dkt. Nos. 1, 6.  Following their execution of acknowledgment of service forms, *see* Dkt. Nos. 10, 11, 12, 13, 16, 17, 18 and 19, on June 14, 2006 defendants

5

filed a motion seeking dismissal of plaintiff's complaint pursuant to 28 U.S.C. § 1915(g).  Dkt. No. 28.  With the filing by Williams of papers in opposition to that motion, Dkt. No. 31, and of a reply submitted on August 7, 2006 on behalf of the defendants in further support of their motion, Dkt. No. 32, defendants' motion is now ripe for determination, and has been referred to me for the issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and Northern District of New York Local Rule 72.3(c).[2]  *See also* Fed. R. Civ. P. 72(b).

III.  DISCUSSION

   A.  Three Strikes Provision Generally

In their motion, defendants invoke 28 U.S.C. § 1915(g), arguing that under that section plaintiff's litigation history, which includes at least three merit-based dismissals, warrants revocation of his IFP status.  Section 1915(g), which was enacted as part of sweeping inmate litigation reform brought about by adoption of the Prison Litigation Reform Act of 1996 ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), though

---

[2]    Also pending before the court is a motion by the plaintiff for a permanent injunction.  Dkt. No. 21.  In light of my finding that plaintiff does not qualify for IFP status, I recommend that the preliminary injunction motion be held in abeyance and decided only in the event plaintiff pays the full fee for filing this action.

6

engendering far less litigation than some of its PLRA counterparts including, notably, the exhaustion of remedies requirement of 42 U.S.C. § 1997e(a), provides that

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  The manifest intent of Congress enacting this "three strikes" provision was to curb prison inmate abuses and deter the filing of multiple, frivolous civil rights suits by prison inmates.  *Tafari v. Hues*, 473 F.3d 440, 443-44 (2d Cir. 2007); *Gill v. Pidlychak*, No. 9:02-CV-1460, 2006 WL 3751340, at *2 (N.D.N.Y. Dec. 19, 2006) (Scullin, S.J. & Treece, M.J.).  The prophylactic effect envisioned under section 1915(g) is accomplished by requiring a prisoner who has had three previous strikes to engage in the same cost benefit analysis that other civil litigants must make before deciding whether to commence suit, accompanied by the filing of the full fee – that is, to assess whether the result to be achieved justifies the filing fee expenditure.  *Tafari*, 473 F.3d at 444; *Ibrahim v.*

*District of Columbia*, 463 F.3d 3, 6 (D.C. Cir. 2006). As the Second Circuit has noted, in the context of PLRA amendments requiring inmates to authorize prison officials to make deductions from inmate accounts to be applied as partial payments of appellate filing fees for prisoners granted *in forma pauperis* status,

> [p]rior to the enactment of the *in forma pauperis* amendments, inmates suffered no economic disincentive to filing law suits. Indeed, the very nature of incarceration – prisoners have substantial free time on their hands, their basic living expenses are paid by the state and they are provided free of charge the essential resources needed to file actions and appeals, such as paper, pens, envelopes and legal materials – has fostered a "'nothing to lose and everything to gain'" environment which allows inmates discriminately to file suit at taxpayers' expense.

*Nicholas v. Tucker,* 114 F.3d 17, 20 (2d Cir. 1997), *cert. denied sub nom.*, *Nicholas v. Miller*, 523 U.S. 1126, 118 S. Ct. 1812 (1998) (internal citations omitted); *see also Gill*, 2006 WL 3751340, at *2.

The question of whether the dismissal of a prior action qualifies as a strike, for purposes of section 1915(g), is a matter of statutory interpretation, and as such a question for the court.³ *Tafari*, 473 F.3d at

---

³     The Second Circuit has expressed its view that the time for determination of "strikes" is only when the section 1915(g) issue is ripe for adjudication, and that

442-43. In determining whether a dismissal satisfies the failure to state a claim prong of the statute, implicated in this case, courts have drawn upon the provisions of Rule 12(b)(6) of the Federal Rules of Civil Procedure for guidance, particularly in light of the similarity in phrasing utilized in the two provisions. *Tafari*, 473 F.3d at 442 (citing *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005)).

B.   Application of Section 1915(g)

Defendants' motion identifies three actions, all brought by the plaintiff in the Southern District of New York, as constituting strikes, for purposes of section 1915(g), including Civil Action Nos. 99-CV-12160, 03-CV-3152, and 03-CV-8158. In support of their motion, defendants offer only entries from the docket sheets maintained by the court in each of those three actions. *See* Kerwin Decl. (Dkt. No. 29) Exhs. 11, 15 and 16. Defendants interpret the docket entries associated with the dismissal of each of those actions as evidencing a finding that plaintiff's complaint fails to state a claim upon which relief may be granted.

---

because of the potentially significant consequences flowing from such a finding, a court should not, when dismissing an inmate complaint, contemporaneously signal whether the dismissal should count as a "strike" for the purposes of that section. *DeLeon v. Doe,* 361 F.3d 93, 95 (2d Cir. 2004); *see also Snider v. Melindez*, 199 F.3d 108, 115 (2d Cir. 1999) ("We . . . doubt whether the entry of a strike is properly considered at the time an action is dismissed.").

9

The determination of whether a prior dismissal does in fact constitute a strike is dependent upon the precise nature of the dismissal and the reasons supporting it. For that reason, rather than being guided by the text of relevant docket entries and the particular language employed, I have obtained copies of the actual orders directing dismissal of those actions, and will look to those orders, constituting matters of public record of which the court may properly take judicial notice, *Green v. Nottingham*, 90 F.3d 415, 418 (10th Cir. 1996) (citing *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10 th Cir. 1979)), to aid in determining whether they meet the requisite criteria to qualify as strikes under section 1915(g).

        1.     <u>Civil Action No. 99-CV-12160</u>

The first case cited by the defendants in support of their three strikes motion is *Williams v. Zambelli*, Civil Action No. 1:99-CV-12160-TPB (S.D.N.Y., filed Dec. 20, 1999). Both the docket sheet associated with that action and plaintiff's complaint reflect that at the time the suit was commenced, plaintiff was confined within the Clinton Correctional Facility, and that the claims asserted in his complaint are alleged to have arisen under 42 U.S.C. § 1983. *See* Kerwin Decl. (Dkt. No. 28) Exh. 11; No. 99-

CV-12160, Dkt. No. 2. That action was brought by plaintiff against Westchester County Court Judge Barbara Zambelli, who presided over plaintiff's criminal prosecution, alleging deprivation of his constitutional rights stemming from her refusal to recuse herself and failure to grant his post-conviction motions. 99-CV-12160, Dkt. Nos. 2, 3. Plaintiff's complaint in that action was dismissed as a result of an order issued on December 20, 1999 by Chief Judge Thomas B. Griesa, principally on the basis of judicial immunity. *Id.* Dkt. No. 3. That order specifically recited that plaintiff's complaint was being dismissed for failure to state a claim upon which relief may be granted, and added a finding that any appeal by the plaintiff from that order would not be taken in good faith. *Id.* That dismissal therefore qualifies as a strike for purposes of section 1915(g). *Tafari*, 473 F.3d at 441; *see also Smith v. District of Columbia*, 182 F.3d 25, 27-29 (D.C. Cir. 1999).

      2.    <u>Civil Action No. 03-CV-3152</u>

The second action offered by defendants in support of their motion is *Williams v. Zambelli, et al.*, Civil Action No. 1:03-CV-3152-MBM (S.D.N.Y., filed May 5, 2003). *See* Kerwin Aff. (Dkt. No. 28) Exh. 15. That action, which was filed by the plaintiff while confined within Upstate,

once again asserts claims under 42 U.S.C. § 1983 against Judge Zambelli, additionally adding, as named defendants, Assistant District Attorney Robert Prisko and the "Mt. Vernon Police Station." Plaintiff's complaint in that action was dismissed by Chief Judge Michael M. Mukasey on May 5, 2003 on a variety of grounds, all leading Chief Judge Mukasey to conclude in a comprehensive and thoughtful decision that it failed to state a claim upon which relief may be granted, and additionally that any appeal from the dismissal order would not be taken in good faith. 03-CV-3152, Dkt. No. 3, at 8. That action therefore also clearly qualifies as a strike for purposes of section 1915(g). *Tafari*, 473 F.3d at 441; *see also Smith*, 182 F.3d at 27-29.

### 3. Civil Action No. 1:03-CV-8158

The third strike alleged by the defendants relates to an action entitled *Williams v. Prisco*, Civil Action No. 1:03-CV-8158-MBM (S.D.N.Y., filed October 16, 2003). *See* Kerwin Aff. (Dkt. No. 28) Exh. 16. In that suit, also commenced by the plaintiff while confined within Upstate, Williams asserted claims under 42 U.S.C. § 1983 against defendant Robert Prisco, a Westchester County Assistant District Attorney. Plaintiff's complaint in that action was dismissed on October 16, 2003,

upon initial review by the court, again for failure to state a claim upon which relief may be granted, and also with the additional finding that any appeal from that order would not be taken in good faith.  03-CV-8158, Dkt. No. 3, at 5.  Consequently, that action similarly qualifies as a strike for purposes of defendants' motion.  *Tafari*, 473 F.3d at 441; *see also Smith*, 182 F.3d at 27-29.

As the foregoing reflects, defendants have convincingly established that the plaintiff has filed at least three meritless civil rights complaints while confined as a New York prison inmate.[4]  Accordingly, absent applicability of the imminent danger exception, plaintiff is subject to the provisions of 28 U.S.C. § 1915(g), and thus may properly be required to prepay in full the applicable filing fee in order to pursue his claims,

---

[4] As defendants note, although it is unnecessary to analyze the circumstances surrounding their dismissal, several other of plaintiff's prior unsuccessful actions may also qualify as strikes for purposes of section 1915(g).

One such other action urged by the defendants in support of their motion, *Williams v. Fox*, Civil Action No. 9:01-CV-300 (FJS-GJD) (N.D.N.Y., filed Feb. 28, 2001), however, likely does not qualify as a strike, since in that action dismissal of plaintiff's claims was on motion for summary judgment, rather than based upon a failure to state a claim upon which relief may be granted.  *See*, *Weber v. Gathers*, No. 2:04-1563-MBS, 2006 WL 2796374, at *3 (D.S.C. Sept. 26, 2006) ("[A]n action proceeding to the summary judgment stage can rarely be characterized as 'frivolous, malicious, or fail[ing] to state a claim upon which relief may be granted' for purposes of 28 U.S.C. § 1915(g)."); *Harris v. Oatley*, No. 2:05-CV-265, 2006 WL 2714961, at *5 (W.D. Mich. Sept. 22, 2006)("[C]ases dismissed on summary judgment do not constitute a strike.").

notwithstanding that *in forma pauperis* status was previously conferred. *See McFadden v. Parpan*, 16 F. Supp.2d 246, 247-48 (E.D.N.Y. 1998).

    C.    <u>Imminent Danger Exception</u>

As a safety valve, obviously intended to protect a prison inmate exposed to potential danger from the harsh consequences of his or her earlier folly, section 1915(g) provides that a prisoner who is in "imminent danger of serious physical injury" may avoid application of the three strikes rule of section 1915(g). *See* 28 U.S.C. § 1915(g); *see also Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002). This exception requires a showing that the prisoner was under such imminent danger at the time of filing; the exception does not provide a basis to avoid application of the three strikes on the basis of past harm. *Id.* An inmate who claims the benefit of this exception must also show that the danger faced rises to the level of a "serious physical injury." 28 U.S.C. § 1915(g). The imminent danger an inmate faces, moreover, must be real, and not merely speculative or hypothetical. *Johnson v. Barney*, No. 04 Civ. 10204, 2005 WL 2173950, at *1-*2 (S.D.N.Y. Sept. 6, 2005) (inmate's allegation of danger at facility he was not housed at, but may pass through at infrequent occasions in the future, does not establish imminent danger)

The term "serious physical injury", as utilized in section 1915(g), is nowhere concretely defined, although it has been construed by various courts as including a "disease that could result in serious harm or even death[.]" *Ibrahim*, 463 F.3d at 7. In deciding whether to invoke the exception, a court must examine the available pleadings, construed in a light most favorable to the plaintiff, to determine whether the plaintiff has alleged a serious physical injury. *McAlphin v. Toney*, 281 F.3d 709, 710 (8th Cir. 2002). Conditions which have been held to rise to a sufficient threshold level include denial of treatment for infected gums, resulting in damages of infection, *McAlphin*, 281 F.3d at 710; denial of adequate treatment for Hepatitis C, a "chronic and potentially fatal disease," *Ibrahim*, 463 F.3d at 6-7; and patterns of harassment from corrections officers, heart palpitations, chest pains and labored breathing, *Ciarpaglini v. Saini*, 352 F.3d 328, 330-31 (7th Cir. 2003) (finding upon reaching the merits, however, that plaintiff's complaint did not state an Eighth Amendment claim).

While plaintiff complains of other matters, his claims in this action chiefly stem from his frustration and disagreement over treatment provided by prison medical personnel for a knee injury. Significantly,

plaintiff does not contend that defendants have disregarded his injury and failed altogether to provide him with medical treatment for the condition. Indeed, plaintiff's own exhibits reveal that he has received considerable care and treatment for that injury, and was even recommended for arthroscopic surgery for his knee condition, diagnosed by one specialist as either a torn medial menisus or the early onset of osteoarthritis.[5]  In addition to receiving considerable medical attention for his knee condition, plaintiff's complaint shows he has been provided with use of a knee brace and cane.

Plaintiff's present quarrel appears to be based largely upon defendants' denial of his requests for permission to use crutches in his cell, and for a prescription for Ultram, a pain medication, pending surgery.[6]  Those requests were denied, based upon security concerns over the use of crutches and, in the case of the Ultram prescription, because his pain was already being treated with Nevotin.

---

[5]     Although plaintiff appears to have since reversed his position and is now prepared to undergo arthroscopic surgery and a menisectomy, he initially declined the recommended surgery.  Complaint (Dkt. No. 1) Exh. B.

[6]     Exhibits to plaintiff's complaint also suggest his desire for permission to use a prison elevator, and a disagreement over his perceived ability to negotiate stairs within the facility.

I have carefully reviewed both plaintiff's complaint and the materials submitted in support of his motion for a preliminary injunction. None of the matters set forth in those papers suggest the existence of imminent danger of serious physical injury of the sort contemplated by Congress when enacting section 1915(g). *Cf. Moody v. Pickles*, Civ. Action. No. 9:03-CV-850, 2006 WL 2645124, at *6-*7 (N.D.N.Y. Sept. 13, 2006) (finding that similar knee injury did not constitute serious medical need under Eighth Amendment and collecting other similar cases). Plaintiff therefore does not qualify for relief under the imminent danger exception to the three strikes rule.

IV.     SUMMARY AND RECOMMENDATION

The record now before the court firmly establishes that three prior civil rights actions, brought by the plaintiff while a prison inmate, have been dismissed on their merits for failure to state claims upon which relief may be granted. The record also fails to reveal any basis to conclude that plaintiff is in imminent danger of serious physical injury, and therefore entitled to exemption from the three strikes provision of 28 U.S.C. § 1915(g). Accordingly, recognizing that the net result of these findings is not denial altogether of plaintiff's access to the courts, but instead only the

requirement that he conclude pursuit of his civil rights claims justifies his expenditure of the full applicable filing fee, it is hereby

RECOMMENDED that:

1)   The order granting the plaintiff IFP status (Dkt. No. 5) be VACATED.

2)   Defendants' motion to dismiss plaintiff's complaint (Dkt. No. 28) be GRANTED as to all defendants and all claims unless Williams pays the full required filing fee of $250.00 within thirty days after the entry of a final order by the district court addressing this recommendation; and

3)   Plaintiff's motion for a preliminary injunction (Dkt. No. 21) be DENIED, without prejudice to its renewal in the event that the required filing fee is paid or if the district court rejects this recommendation and denies defendants' motion to dismiss.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; *Roldan v. Racette,* 984 F.2d 85 (2d Cir. 1993).

It is further ORDERED that the Clerk of the Court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

Dated:   March 2, 2007
         Syracuse, NY

David E. Peebles
U.S. Magistrate Judge

G:\prisoner\williamsdeandrereprec.wpd